IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

KARLA K. DOZIER,

    Plaintiff,

v.                                  Civil Action No. 5:08CV174
                                                  (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

The plaintiff, Karla K. Dozier, filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. In the application, the plaintiff alleges disability since January 17, 2008, due to back pain and depression.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on July 15, 2008, before Administrative Law Judge ("ALJ") Timothy Pace. The plaintiff, represented by counsel, testified on her own behalf, as did a vocational expert. On September 12, 2008, the ALJ issued a decision finding that the plaintiff was not disabled because she could perform other specific unskilled sedentary work. The Appeals Council denied the plaintiff's request for review on October 23, 2008, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action

pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Both the plaintiff and the defendant filed motions for summary judgment. On August 25, 2009, the magistrate judge issued a report and recommendation, recommending that the defendant's motion for summary judgment be denied, that the plaintiff's motion for summary judgment be denied, and that this action be remanded to the Commissioner. Upon submitting his report and recommendation, Magistrate Judge Seibert informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. Neither party filed objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp.

825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

In her motion for summary judgment, the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that because she was found disabled in 2002, she is entitled to a presumption of continuing disability upon a subsequent SSI claim. Alternatively, the plaintiff argues that the ALJ erred by failing to explicitly indicate the weight accorded to the 2002 award of SSI. Finally, the plaintiff alleges that the Commissioner failed to establish by substantial evidence that there are a significant number of jobs that the plaintiff could perform in the national economy.

The Commissioner responds that the plaintiff's arguments lack merit, and that substantial evidence supports the Commissioner's final decision that the plaintiff was not disabled on or before January 17, 2008.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not

prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

Magistrate Judge Seibert recommended that this civil action be remanded because the ALJ failed to consider the plaintiff's prior finding of disability. Rather than considering this evidence and giving it appropriate weight in his analysis, the ALJ merely mentioned once that the plaintiff filed a prior application in 2000, and "in a decision issued on September 27, 2002, Administrative Law Judge Charles A. Stark found the claim 'disabled' as of her application date." Furthermore, the magistrate judge held that the ALJ erred by failing to explicitly indicate the weight accorded to all medical evidence. See Gordon v. Schweiker, 725 F.2d 231, 235-36 (4th Cir. 1984)(holding that a court cannot determine if findings are supported by substantial evidence unless the weight given to all relevant evidence is "explicitly indicated"). Lastly, because the ALJ failed to address the claimant's prior disability finding, the magistrate judge held that the ALJ's determination that the plaintiff could perform other work was improper.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and finds no clear error in the magistrate judge's report and recommendation. Accordingly, for the reasons set forth in the report and recommendation, this Court

concurs with the magistrate judge that the ALJ failed to consider and give appropriate weight to the 2002 determination of ALJ Stark finding the plaintiff to be disabled. The magistrate judge's report and recommendation is thus affirmed and adopted, and this civil action is remanded. On remand, the ALJ must consider the prior finding of the plaintiff's disability and give it appropriate weight in light of all relevant evidence. Moreover, the ALJ must explicitly indicate the weight given to all relevant evidence in reaching his determination.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, the defendant's motion for summary judgment is DENIED; the plaintiff's motion for summary judgment is DENIED; and this civil action is REMANDED to the Commissioner for further proceedings consistent with this opinion and the report and recommendation of the magistrate judge. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal

Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   September 22, 2009

<u>/s/Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
